JS 44 – CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**

Sharon Louden

**E-FILING**

**DEFENDANTS**

Yahoo ! Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

New York, NY

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

Santa Clara County, CA

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Carroll, Burdick, & McDonough, Vicki L. Freimann,
633 W. 5th St., 51st Fl., Los Angeles, CA 90071

ATTORNEYS (IF KNOWN)

**C07  05053  SBA**

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 2 U.S. Government
Defendant

☑ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties in
Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☑ Original
Proceeding

☐ Removed from
State Court

☐ Remanded from
Appellate Court

☐ Reinstated or
Reopened

☐ Transferred from
Another district
(specify)

☐ Multidistrict
Litigation

☐ Appeal to District
Judge from Magistrate
Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Satellite TV |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 720 Labor/Mgmt Relations | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | **SOCIAL SECURITY** | ☐ 740 Railway Labor Act | ☐ 891 Agricultural Acts |
| | | | ☐ 861 HIA (1395ff) | ☐ 790 Other Labor Litigation | ☐ 892 Economic Stabilization Act |
| | | | ☐ 862 Black Lung (923) | ☐ 791 Empl.Ret. Inc. Security Act | ☐ 893 Environmental Matters |
| | | | ☐ 863 DIWC/DIWW (405(g)) | | ☐ 894 Energy Allocation Act |
| | | | ☐ 864 SSID Title XVI | | ☐ 895 Freedom of Information Act |
| | | | ☐ 865 RSI (405(g)) | | |

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | FEDERAL TAX SUITS | |
|---|---|---|---|---|
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | ☐ 870 Taxes (US Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/ disab - Empl | ☐ 555 Prison Condition | | |
| | ☐ 446 Amer w/ disab - Other | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

This is an action brought under 17 U.S.C. 106A, the Visual Artists Rights Act, for desecration of a work of art.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $_____ CHECK YES only if demanded in complaint:

JURY DEMAND: ☑ YES ☐ NO

**VIII. RELATED CASE(S)
IF ANY**

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)**

☐ SAN FRANCISCO/OAKLAND    ☑ SAN JOSE

DATE   9/26/07

SIGNATURE OF ATTORNEY OF RECORD   *Vicki Freeman*

JS 44 Page 2
(Rev. 11/04)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.   (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a). F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.   Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V.   Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI.   Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.   Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Date and Attorney Signature.

Date and Attorney Signature. Date and sign the civil cover sheet.

E-FILING **United States District Court**

NORTHERN DISTRICT OF CALIFORNIA

**ADR**

| | |
|---|---|
| SHARON LOUDEN, an individual | **SUMMONS IN A CIVIL CASE** |
| | CASE NUMBER: |
| v. | **C07   05053**SBA |
| YAHOO!, INC., a Delaware corporation; and DOES 1-10, inclusive | |

TO: (Name and address of defendant)

Yahoo ! Inc.
701 First Avenue
Sunnyvale, CA 94089

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Vicki L. Freimann
Carroll, Burdick & McDonough, LLP
633 W. 5th St., 51st. Fl.
Los Angeles, CA 90071

an answer to the complaint which is herewith served upon you, within ²⁰     days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking

CLERK

OCT - 1 2007

DATE_____

(BY) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| | DATE |
| Service of the Summons and Complaint was made by me [1] | |
| Name of SERVER | TITLE |

| Check one box below to indicate appropriate method of service |
|---|

☐   Served Personally upon the Defendant. Place where served:

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐   Returned unexecuted:

☐   Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                                    Date                                                    Signature of Server

                                                              _____
                                                              Address of Server

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

1  Vicki L. Freimann, No. 098380
2  Bertrand LeBlanc II, No. 071617
   **CARROLL, BURDICK & McDONOUGH** LLP
3  Attorneys at Law
   633 West Fifth Street, 51st Floor
4  Los Angeles, CA 90071
   Telephone:    213.833.4500
5  Facsimile:    213.833.4555
6
7  Attorneys for Plaintiff SHARON LOUDEN
8              UNITED STATES DISTRICT COURT
9             NORTHERN DISTRICT OF CALIFORNIA
10                 SAN JOSE DIVISION
11 SHARON LOUDEN, an individual      **C07  05053**

12         Plaintiff,               **COMPLAINT FOR:**
13    v.                            **(1) BREACH OF CONTRACT;**
14                                  **(2) VIOLATION OF THE VISUAL
15 YAHOO!, INC., a Delaware          ARTISTS RIGHTS ACT OF 1990 (17 U.S.C.
   corporation; and DOES 1-10,      §106A);**
16 inclusive,
                                    **(3) INTENTIONAL DESECRATION OF A
17         Defendants.               WORK OF FINE ART [CAL. CIV. CODE §
18                                   987(C)(1), (E)];**

19                                  **(4) GROSSLY NEGLIGENT
                                     DESECRATION OF A WORK OF FINE
20                                   ART [CAL. CIV. CODE § 987(C)(2), (E)];**

21                                  **(5) CONVERSION;**
22                                  **(6) NEGLIGENCE;**
23                                  **(7) STATUTORY UNFAIR
                                     COMPETITION;**
24
25                                  **(8) INTENTIONAL INFLICTION OF
                                     EMOTIONAL DISTRESS; AND**
26
                                    **(9) NEGLIGENT INFLICTION OF
27                                   EMOTIONAL DISTRESS.**
28

CBM-LA\LA069767.1

COMPLAINT

1    Plaintiff SHARON LOUDEN (hereinafter "Louden" or "Plaintiff") complains and

2   alleges against Defendant YAHOO! Inc., a Delaware corporation ("Yahoo" or

3   "Defendant"), on personal knowledge as to her allegations and on information and belief

4   as to the actions of others, as follows:

5                                **JURISDICTION**

6         1.    This action arises under section 106A of the Copyright Act of 1976, as

7   amended in 1990 to include the Visual Artists Rights Act ("VARA").  This Court has

8   jurisdiction over matters arising under VARA pursuant to 28 U.S.C. § 1331 (federal

9   question actions), 28 U.S.C. § 1338 (a) exclusive jurisdiction over copyright actions) and

10  17 U.S.C. § 501 (remedies for copyright infringement include rights under VARA).  This

11  Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law

12  claims because they arise from the same facts and concern the same subject matter as the

13  federal claims.

14        2.    Defendants are subject to the personal jurisdiction of this Court inasmuch

15  as they are located in California or have purposefully availed themselves of the privileges

16  of doing business in California with regard to the actions alleged herein, and such

17  jurisdiction is reasonable.

18                                   **VENUE**

19        3.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1)

20  (because all Defendants are physically located in California or are corporations residing in

21  California for purposes of venue, and at least one of them is located in Northern District

22  of California), 28 U.S.C. §(b)(2) (because a substantial part of the acts complained of

23  occurred in the Northern District of California and the property at issue is located in the

24  Northern District of California) and 28 U.S.C. § 1391(b)(3) (because at least one

25  Defendant resides in the Northern District of California, and there is no other district in

26  which this action may otherwise be brought.).

27  / / /

28  / / /

**INTRADISTRICT ASSIGNMENT**

4.     Yahoo is a resident of the City of Sunnyvale which is located in the County of Santa Clara.  The San Jose Division of the Federal District Court, Northern District, therefore, is the appropriate intradistrict assignment.  In addition, a substantial part of the acts complained of occurred in the City of Sunnyvale and the intradistrict assignment is appropriate on that additional basis.  *Local Rule* 3-5(b).

**PARTIES**

5.     Louden is an individual residing in New York, New York.  Louden is an accomplished multidisciplinary artist who created the art installation known as "Reflecting Tips" that is the property at issue in this action.

6.     On information and belief, Yahoo is a Delaware corporation with its principal place of business in the City of Sunnyvale which is located in Santa Clara County, State of California.

7.     Louden is unaware of the true names and capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1 through 10, inclusive, or any of them, and therefore sues these defendants, and each of them, by fictitious names. Plaintiffs will seek leave of this court to amend this complaint when the status and identities of these Defendants are ascertained.

8.     Louden is informed and believes, and on that basis alleges, that at all relevant times mentioned in this Complaint, Defendants were acting in concert and active participation with each other in committing the wrongful acts alleged herein, and were the agents of each other and were acting within the scope and authority of that agency and with the knowledge, consent and approval of one another.

9.     Plaintiff Louden is informed and believes, and on that basis alleges, that at all relevant times mentioned in this Complaint, Defendants were acting oppressively and/or with malice.

/ / /

/ / /

CBM-LA\LA069767.1

-3-

**GENERAL ALLEGATIONS**

10.    Louden is a multidisciplinary artist who has been creating works of art for over 20 years.  She earned a Bachelors of Fine Arts from the School of the Art Institute of Chicago and a Masters of Fine Art from Yale University, School of Art.

11.    Louden's works of art have been exhibited in numerous museums and venues including the Aldrich Museum of Contemporary Art, the Drawing Center, Carnegie Mellon University and Kemper Museum of Contemporary Art.

12.    Louden's works of art are also found in numerous permanent collections such as in the Neuberger Museum of Art, National Gallery of Art, Arkansas Arts Center, Yale University Art Gallery, Weatherspoon Art Museum, and the Museum of Fine Arts, Houston.

13.    Louden and her work have been featured in numerous publications, magazines, including, *The New York Times*, *Art in America*, *The Washington Post* and *Sculpture Magazine*.  In addition, Louden was the recipient of a grant from the Elizabeth Foundation, and has participated in residencies at Tamarind Institute, Urban Glass and Art Omi.

14.    On information and belief, in or about 1999, Yahoo was in the planning stages for the construction of its multi-million dollar headquarters in the city of Sunnyvale, California ("Campus").  Yahoo entered into various contracts with banks and developers to finance the construction of its Campus.  Sunnyvale's Municipal Ordinance required certain non-residential construction, including the Yahoo Campus, to "provide for the installation and *maintenance* of publicly visible artwork on the property being developed."  Sunnyvale Municipal Code §19.52.030 (emphasis supplied).  To meet this requirement, a competition was held to select artists to create works of art for the Campus.

15.    Louden submitted a proposal for this competition titled Reflecting Tips.  The work required the fabrication of 2500 wires of varying length.  The wires were made of stainless steel powder coated in white and supported reflective sheeting which illuminated at night.  The wires were then to be assembled into 22 groups and installed in

1    two parcels of land on the Yahoo Campus bordering Matilda Avenue and First Avenue in

2    the city of Sunnyvale, California.  The parcels measured 8,500 square feet and 1500

3    square feet.  The intricate installation process required the use of cement, wire mesh and

4    other materials.  This process allowed Louden to methodically control the shape and

5    positioning of each wire to create 22 individual sculptures which collectively

6    compromised Reflecting Tips.  Louden's proposal called for the use of selective Cartum

7    grass, which would grow a maximum of 5" and would not require any mowing or

8    pruning.  The landscape elements of Reflective Tips was an integral part of the work since

9    it provided a context within which the art work was intended to be viewed and also

10   referenced the surrounding wetlands and native foliage in the City of Sunnyvale.

11        16.    Following an extremely competitive selection process, on or about

12   December of 2000, Yahoo selected and commissioned Louden to create and install

13   Reflecting Tips on its Campus.  Following her selection, Louden entered into an Artwork

14   Agreement dated January 31, 2001 ("Art Agreement") with Higgins Development

15   Partners ("Higgins"), who, on information and belief, was one of the developers that

16   Yahoo retained to construct its Campus.

17        17.    Pursuant to the Art Agreement, Louden was required to complete and

18   install Reflecting Tips on the Yahoo Campus.  The Art Agreement further specified that

19   Louden would retain "all rights under the Copyright Act of 1976."  Higgins, in turn,

20   "recognized that maintenance of the Work on a regular basis is essential to the integrity of

21   the Work" and agreed to "reasonably assure that the Work is properly maintained and

22   protected, taking into account instructions from artist, and shall reasonably protect and

23   maintain the work against the ravages of time, vandalism and the elements.  Owner shall

24   be responsible for the proper cleaning, maintenance, and protection of the Work in its

25   possession, notwithstanding anything herein.  All repairs and restorations made during

26   Artist's lifetime shall have Artist's written permission.  Artist shall be consulted as to her

27   recommendations with regard to all such repairs and restorations."  The parties agreed that

28   the Art Agreement was "binding upon the parties hereto, their heirs, successors, assigns,

1  and personal representatives."

2      18.    On or about June 18, 2001 through June 23, 2001, Reflecting Tips was

3  completed and permanently installed at the Yahoo Campus.

4      19.    On information and belief, following the permanent installation of

5  Reflecting Tips, pursuant to the assignment provisions in the contract, Higgins assigned

6  the Art Agreement to Lease Plan North America (LPNA), who was financing the

7  construction of the Yahoo Campus.  This assignment was memorialized an Amended and

8  Restated Assignment and Assumption of Contracts dated August 8, 2001.

9      20.    On information and belief, once Yahoo paid LPNA amounts due under

10  the various financing agreements related to the construction of the Yahoo Campus, the

11  parties executed, among other documents, the following: (i) Termination and Release

12  Agreement; (ii) Termination of Lease Agreement; and (iii) Assignment and Assumption

13  of Intangible Property.  The Assignment and Assumption of Intangible Property

14  agreement contained the following provision whereby Yahoo assumed LPNA's

15  obligations to Louden under the Art Agreement:

> D.    Lease Plan desires to assign Yahoo Lease Plan's right, title
> and interest in and to any and all contract, rights, warranties,
> guaranties with respect to the Project, and Yahoo desires to accept
> the assignment thereof, and assume the obligations thereunder on
> the terms and obligations below.
>
> ACCORDINGLY, the parties herby agree as follows:
>
> 1.    Lease Plan hereby assigns to Yahoo all of Lease Plan's right,
> title and interest in and to all contracts, rights guaranties, warranties,
> licenses, permits and all intangible property owned by Lease Plan in
> connection with the Project (the "Intangibles").
>
> 2.    As of the Effective Date, Yahoo hereby accepts the foregoing
> assignment and assumes all of Lease Plan's obligations under the
> Intangibles.

21.    In or about March of 2007, during telephonic discussions between

Louden and Yahoo employees, including but not limited to Rick Cuevas, Yahoo's Senior

1    Facility Manager, Louden was informed that unidentified Yahoo employees damaged

2    Reflecting Tips with a weed whacker.  Plaintiff reserves her right to amend this Complaint

3    to add those individuals as defendants when they are identified.  On information and

4    belief, based on reported accounts, 40% of the individual sculptures compromising

5    Reflecting Tips had been damaged.

6         22.    After learning that Reflecting Tips had been desecrated, on or about May

7    of 2007, Louden visited the Yahoo Campus to inspect the sculptures and assess the

8    damage to Reflecting Tips.  During that visit, Louden discovered that:

9              a.  Yahoo employees had planted sod instead of the Cartum grass or an

10                 appropriate substitute which would otherwise have been consistent

11                 with the aesthetic purpose of the sculptures.  On information and

12                 belief, this was done intentionally and in doing so violated the artistic

13                 integrity of sculptures and design;

14             b.  Eight sculptures had been damaged and were in need of repair;

15             c.  One sculpture had been visibly vandalized, evidence by wires which

16                 had been distorted into different shapes;

17             d.  All twenty-two sculptures compromising Reflecting Tips were in dire

18                 need of cleaning; and

19             e.  Unauthorized repairs were performed on Reflective Tips.

20        23.    Before and after Louden visited the Yahoo Campus to inspect Reflecting

21   Tips, she informed Yahoo that it was in violation of the Art Agreement and that Yahoo's

22   conduct was actionable under VARA.  Yahoo employees refused to cooperate with

23   Louden's efforts to repair the desecrated artwork such that Louden was left with no choice

24   but to retain New York counsel to help her resolve this dispute.  Even after she was

25   represented by counsel, Yahoo refused to live up to its obligations under the Art

26   Agreement and those imposed by VARA.

27        24.    Not only was it emotionally devastating to Louden that her work had

28   been desecrated, but it was also clear that allowing Reflective Tips to remain in that

CBM-LA\LA069767.1

-7-

**COMPLAINT**

1  condition was damaging her professional reputation as an artist. This was especially

2  significant given the fact that the value of her work had substantially increased from 2001,

3  when Reflecting Tips was first installed, to 2007, when Louden discovered that the work

4  had been desecrated and neglected.

5          25.    Louden was equally disturbed because she submitted a proposal to Yahoo

6  in large part because of its reputation as a civic-minded institution that had a deep

7  appreciation of culture and fine art, as evidenced by Terry Semel's, Yahoo's then acting

8  Chairman, membership on the Board of Directors of the Guggenheim Museum and the

9  Los Angeles County Museum of Art. It came as a painful surprise, therefore, when

10  Yahoo employees told Louden that Mr. Semel "didn't like [Reflecting Tips]" and "wanted

11  it removed," especially since Yahoo had commissioned Louden to create the artwork for

12  its Campus in the first place. Louden was devastated when on or about March 27, 2007

13  Yahoo informed Louden "we will be removing your artwork."

14  ### FIRST CAUSE OF ACTION

15  **(Breach of Contract Against Yahoo)**

16          26.    Plaintiff realleges and reincorporates paragraphs 1-25 above, as though

17  set forth fully herein.

18          27.    On or about January 31, 2001, Louden and Higgins entered into an Art

19  Agreement which was subsequently assigned to LPNA and ultimately assigned to Yahoo

20  who agreed to assume "all of Lease Plan's obligations under the Intangibles," as set forth

21  above in greater detail.

22          28.    Pursuant to the Art Agreement, Yahoo acknowledged that "proper

23  maintenance was essential to the integrity of the work," and contractually agreed to (i)

24  "reasonably assure that the Work is properly maintained and protected," (ii) "reasonably

25  protect and maintain the work against the ravages of time, vandalism and the elements,"

26  (iii) assume responsibility "for the proper cleaning, maintenance, and protection of the

27  Work," (iv) that all "repairs and restorations made during Artist's lifetime shall have

28  Artist's written permission," and (v) that "Artist shall be consulted as to her

CBM-LA\LA069767.1                                -8-

1  recommendations with regard to all such repairs and restorations."

2      29.   Yahoo is in breach of the Art Agreement by (i) failing to take steps to

3  assure that Reflecting Tips would be properly cleaned, maintained and protected; (ii)

4  failing to protect the artwork against the ravages of time, vandalism and the elements; (iii)

5  intentionally desecrating Reflecting Tips by incorporating inappropriate and incompatible

6  landscaping elements that destroyed the aesthetic purpose of the artwork; and (iv)

7  undertaking repairs without consulting Louden and without her written permission.

8      30.   As a proximate result of Yahoo's breach of contract, Louden has been

9  damaged in an amount unknown at this time and according to proof at trial.

10      31.   Louden has performed all conditions precedent on her part required to be

11  performed.

12  **SECOND CAUSE OF ACTION**

13  **(Infringement of Right of Integrity (17 U.S.C. § 106A) Against all Defendants)**

14      32.   Plaintiff realleges and reincorporates paragraphs 1-31 above, as though

15  set forth fully herein.

16      33.   Louden is the author of a work of visual art, Reflecting Tips, which she

17  created between 2000 and 2001 and which was installed on the Yahoo Campus located at

18  701 First Avenue, Sunnyvale, California.  Louden is a citizen of the United States.

19  Reflecting Tips was a work of recognized stature.

20      34.   On information and belief, in or about March of 2007, and at all

21  applicable prior and subsequent times, Yahoo willfully and intentionally desecrated,

22  distorted, mutilated, and otherwise modified Reflecting Tips, in violation of Louden's

23  right of integrity therein, as set forth in Title 17, Section 106A(a)(3)(A) and Section

24  106A(a)(3)(B) of the United States Code.  Yahoo did so by, among other things,

25  mutilating individual sculptures that compromise Reflecting Tips with a weed whacker

26  and by changing the landscape elements of the artwork after installation by planting sod

27  instead of the landscape elements that were required to achieve the aesthetic purpose of

28  the artwork.

CBM-LA\LA069767.1

-9-

**COMPLAINT**

35.    Yahoo was on notice as to Louden's legal right of integrity and its protection under the laws of the United States and California. Louden has not waived any of her rights of integrity under Section 106A.

36.    Yahoo's acts described above were willful and intentional and/or grossly negligent. Defendants' desecration, distortion, mutilation and other modification of Reflecting Tips is the proximate cause of prejudice to Louden's honor or reputation, in an amount unknown at this time and according to proof at trial.

**THIRD CAUSE OF ACTION**

**(Intentional Desecration of Fine Art – Cal.*Civ.Code* § 987(c)(1), (e),**

**Against All Defendants)**

37.    Plaintiff incorporates paragraphs 1-36, above, as though set forth fully herein.

38.    As more fully set forth above, between 2000 and 2001, Plaintiff created Reflecting Tips, a work of fine art and of recognized quality, located at 701 First Avenue, Sunnyvale, California.

39.    On information and belief, in or about March of 2007, and at all applicable prior and subsequent times, Yahoo willfully and intentionally desecrated, distorted, mutilated, and otherwise modified Reflecting Tips, in violation of Louden's right of integrity therein, as set forth in California *Civil Code* § 987. Yahoo did so by, among other things, mutilating individual sculptures that compromise Reflecting Tips with a weed whacker and by changing the landscape elements of the artwork after installation by planting sod instead of the landscape elements that were required to achieve the aesthetic purpose of the artwork.

40.    Yahoo was on notice as to Louden's right of integrity, as protected both under the laws of the United States and California.

41.    Defendant's willful and intentional distortion, mutilation and other modification of the Reflecting Tips is the proximate cause of damage to Louden in an amount unknown at this time and according to proof at trial.

42.   In committing the acts described in this complaint, Yahoo acted in conscious disregard of the rights of Louden and was guilty of malice, oppression and fraud in that they had been notified of Louden's rights of integrity but consciously chose to desecrate Reflecting Tips.  Yahoo's conduct warrants an assessment of punitive damages in an amount appropriate to punish Yahoo and deter others from engaging in similar wrongful conduct.

## FOURTH CAUSE OF ACTION

### (Grossly Negligent Desecration of Fine Art (Cal.*Civ.Code* § 987(c)(2), (e)), Against All Defendants)

43.   Plaintiff incorporates paragraphs 1-42, above, as though set forth fully herein.

44.   As more fully set forth above, between 2000 and 2001, Plaintiff created Reflecting Tips, a work of fine art and of recognized quality, located at 701 First Avenue, Sunnyvale, California.

45.   In or about March of 2007, and at all applicable prior and subsequent times, Yahoo, to the extent it was entrusted to conserve and preserve Reflecting Tips, defaced, mutilated, altered and desecrated Reflecting Tips by acts constituting gross negligence and/or intentional conduct as described hereinabove.

46.   Yahoo's conduct in attempting to conserve and preserve Reflecting Tips in a way that resulted in the desecration of artwork, despite actual knowledge of Louden's rights, was carried on by Yahoo in conscious disregard of Louden's rights.  Yahoo's conduct was malicious and oppressive so as to warrant an assessment of punitive damages in an amount appropriate to punish Yahoo and deter others from engaging in similar wrongful conduct.

## FIFTH CAUSE OF ACTION

### (Conversion Against All Defendants)

47.   Plaintiff incorporates paragraphs 1-46, above, as though set forth fully herein.

CBM-LA\LA069767.1

-11-

COMPLAINT

48.   As more fully set forth above, between 2000 and 2001, Plaintiff created Reflecting Tips, a work of fine art and of recognized quality, located at 701 First Avenue, Sunnyvale, California.

49.   Louden has statutory rights of ownership in Reflecting Tips.

50.   In or about March of 2007, and at all applicable prior and subsequent times, Yahoo intentionally deprived Louden of those rights by mutilating and desecrating Reflecting Tips.  Yahoo's acts constitute a permanent deprivation of Louden's rights and constitute a conversion under California law common law.

51.   The conduct of Yahoo in converting Louden's property was carried on by Yahoo in conscious disregard of Louden's rights.  Yahoo's conduct was so malicious, fraudulent and oppressive as to warrant an assessment of punitive damages in an amount appropriate to punish Yahoo and deter others from engaging in similar wrongful conduct.

## SIXTH CAUSE OF ACTION

### (Negligence Against All Defendants)

52.   Plaintiff incorporates paragraphs 1-51, above, as though set forth fully herein.

53.   As more fully set forth above, between 2000 and 2001, Plaintiff created Reflecting Tips, a work of fine art and of recognized quality, located at 701 First Avenue, Sunnyvale, California.

54.   Louden has statutory rights of ownership in Reflecting Tips.

55.   By electing to maintain the premises located at 701 First Avenue, Sunnyvale, California, including the two parcels where Reflecting Tips was installed, Yahoo owed a duty of care to Louden to preserve Reflecting Tips and ensure that any maintenance was performed in such a way that it would not harm the artwork.

56.   On information and belief, in or about March of 2007, and at all applicable prior and subsequent times, Yahoo breached its duty of due care by, among other things, mutilating individual sculptures that compromise Reflecting Tips with a

CBM-LA\LA069767.1

-12-

COMPLAINT

weed whacker and by changing the landscape elements of the artwork after installation by planting sod instead of the landscape elements that were required to achieve the aesthetic purpose of the artwork.

57.   As a foreseeable and proximate result of those acts, Louden's property rights have been damaged and she has suffered great harm to her professional reputation.

## SEVENTH CAUSE OF ACTION

### (Unfair Competition – Cal. *Bus. & Prof. Code* § 17220 *et seq.*

### Against All Defendants)

58.   Plaintiff realleges and reincorporates the allegations of paragraphs 1-57 above.

59.   Yahoo's actions complained of herein are unlawful, unfair, or fraudulent business acts or practices, constituting unfair competition in violation of California *Business and Professions Code* § 17200 *et seq.*  Specifically as more fully set forth above, Yahoo's actions constitute violations of the Copyright Act (17 U.S.C. § 101, *et seq.*), California *Civil Code* § 987 and California common law.

60.   Louden has suffered injury in fact and lost property as a result of Defendants' acts, unfair competition and unlawful practices, as described above. Accordingly, Louden is entitled to an Order under California *Business and Professions Code* § 17203 for restitution.

## EIGHTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

61.   Plaintiff realleges and reincorporates the allegations of paragraphs 1-60 above.

62.   On information and belief, in or about March of 2007, and at all applicable prior and subsequent times, Yahoo willfully and intentionally desecrated, distorted, mutilated, and otherwise modified Reflecting Tips, in violation of Louden's right of integrity therein.  Specifically as more fully set forth above, Yahoo's actions constitute violations of the Copyright Act (17 U.S.C. § 101, *et seq.*), California *Civil Code*

1  § 987 and California common law.  In addition, although it is in violation of these laws,

2  and it was informed that it was in violation of these laws, Yahoo has frustrated Louden's

3  efforts to resolve this matter short of litigation.  Yahoo has also denied that it is bound by

4  the contacts at issue herein.  In addition, Yahoo has disavowed any and all responsibility

5  for its tortious conduct.  Yahoo's insensitivity and callous disregard for Louden's rights is

6  evidenced by Terry Semel's reported comments that he "didn't like [Reflecting Tips]" and

7  "wanted it removed."  Notwithstanding this sentiment, however, this does not give Yahoo

8  the right to desecrate Reflecting Tips, fail to properly maintain Reflecting Tips in

9  violation of the Sunnyvale Municipal Code and the Art Agreement, thereby denying

10  Louden her rights of integrity and contractual rights.

11        63.   Yahoo's conduct was intentional and malicious and done for the purpose

12  of causing Louden to suffer humiliation, mental anguish, and emotional and physical

13  distress.  Yahoos' conduct was done with knowledge that Louden's emotional distress and

14  physical distress would thereby increase, and was done with a reckless and wanton

15  disregard of the consequences to Louden.  Especially since the nature of the Art

16  Agreement, Reflecting Tips, required that Louden create a unique work of art of great

17  emotional and sentimental value to Louden.

18        64.   As a direct and proximate result of the conduct of Yahoo, Louden has

19  suffered severe emotional distress all to her general damages according to proof at time of

20  trial.

21        65.   As a further proximate result of the acts alleged hereinabove, Louden has

22  suffered harm to her professional reputation as an artist and will thereby sustain loss of

23  earning in the future.

24        66.   The aforementioned conduct of Yahoo was intentional, malicious,

25  wanton and oppressive so as to justify an award of exemplary and punitive damages,

26  according to proof.

27  / / /

28  / / /

-14-

**COMPLAINT**

## NINTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

67.    Plaintiff realleges and reincorporates the allegations of paragraphs 1-66 above.

68.    On information and belief, in or about March of 2007, and at all applicable prior and subsequent times, Yahoo willfully and intentionally desecrated, distorted, mutilated, and otherwise modified Reflecting Tips, in violation of Louden's right of integrity therein.  Specifically as more fully set forth above, Yahoo's actions constitute violations of the Copyright Act (17 U.S.C. § 101, *et seq.*), California *Civil Code* § 987 and California common law.  In addition, although it is in violation of these laws, and it was informed that it was in violation of these laws, Yahoo has frustrated Louden's efforts to resolve this matter short of litigation.  Yahoo has also denied that it is bound by the contacts at issue herein.  In addition, Yahoo has disavowed any and all responsibility for its tortious conduct.  Yahoo's insensitivity and callous disregard for Louden's rights is evidenced by Terry Semel's reported comments that he "didn't like [Reflecting Tips]" and "wanted it removed."  Notwithstanding this sentiment, however, this does not give Yahoo the right to desecrate Reflecting Tips, fail to properly maintain Reflecting Tips in violation of the Sunnyvale Municipal Code and the Art Agreement, thereby denying Louden her rights of integrity and contractual rights.

69.    Yahoo knew or should have known that its failure to exercise due care in meeting its statutory and contractual obligations and engaging in other actionable conduct described hereinabove would cause Louden sever emotional distress.  Especially since the nature of the Art Agreement, Reflecting Tips, required that Louden create a unique work of art of great emotional and sentimental value to Louden.

70.    As a direct and proximate result of the conduct of Yahoo, Louden has suffered sever emotional distress all to her general damages according to proof at time of trial.

/ / /

CBM-LA\LA069767.1

COMPLAINT

71.    As a further proximate result of the acts alleged hereinabove, Louden has suffered harm to her professional reputation as an artist and will thereby sustain loss of earning in the future.

### PRAYER FOR RELIEF

WHEREFORE, Louden prays for judgment in her favor and against Yahoo as follows:

1.    That the Court preliminarily and permanently enjoin Yahoo, its subsidiaries, parent and affiliated companies, successors, assigns, officers, directors, agents, partners, servants, employees, licensees, licensors and attorneys of those companies or individuals, and all others in active concert or participation with Yahoo, from further desecration of Reflecting Tips;

2.    That the Court order Yahoo to pay for the restoration of Reflecting Tips.

3.    General and special damages according to proof at trial;

4.    That the Court order Yahoo to pay to Louden damages sufficient to compensate her for all damages resulting from desecration of Reflecting Tips, including, but not limited to deprivation of Louden's property rights and damage to her reputation;

5.    That the Court assess punitive damages against Yahoo sufficient to punish it and others from engaging in similar conduct in the future;

6.    That the Court award Louden her contractual and statutorily mandated costs of this action, together with reasonable attorneys' fees, expert fees and disbursements; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

CBM-LA\LA069767.1

-16-

1       7.    That the Court grants such other and further relief as the Court deems just

2  and equitable.

3

4  Dated:  September 26, 2007

5                              CARROLL, BURDICK & McDONOUGH LLP

6

7                        By

8                                Vicki L. Freimann
                                Bertrand LeBlanc II

9                    Attorneys for Plaintiff SHARON LOUDEN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Plaintiff Sharon Louden hereby demands trial by jury against all Defendants.

Dated:  September ___, 2007

CARROLL, BURDICK & McDONOUGH LLP

By _____
Vicki L. Freimann
Bertrand LeBlanc II
Attorneys for Plaintiff SHARON LOUDEN

**E-FILING**

1  Vicki L. Freimann, No. 098380
2  Bertrand LeBlanc II, No. 071617
   **CARROLL, BURDICK & McDONOUGH** LLP
3  Attorneys at Law

   **ORIGINAL FILED**

   **ADR**
4  633 West Fifth Street, 51st Floor
   Los Angeles, CA 90071

   OCT - 1 2007

5  Telephone:    213.833.4500
   Facsimile:    213.833.4555

   RICHARD W. WIEKING
   CLERK, U.S. DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA
   SAN JOSE
6
7  Attorneys for Plaintiff SHARON LOUDEN

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                 SAN JOSE DIVISION

11  SHARON LOUDEN,                 **No. C07  05053 SBA**

12              Plaintiff,          **CERTIFICATION AS TO
                                    INTERESTED PARTIES**
13       v.

14  YAHOO!, INC.; and DOES 1-10,
15  inclusive,

16              Defendants.

17

18       TO THE CLERK OF THE ABOVE ENTITLED COURT

19       The undersigned, counsel of record for Plaintiff SHARON LOUDEN (hereinafter

20  "Louden" or "Plaintiff"), certifies that the following parties and no others have a direct

21  pecuniary interest in the outcome of this case:

22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

CBM-LA\LA069733.1                        -1-

CERTIFICATION AS TO INTERESTED PARTIES

| Party | Relationship |
|-------|--------------|
| Sharon Louden | Plaintiff |
| Yahoo ! Inc. | Defendant |

These representations are made to enable the Court to evaluate possible disqualifications or recusal.

Dated: September 26 2007

CARROLL, BURDICK & McDONOUGH LLP

By _____
Vicki L. Freimann
Bertrand LeBlanc II
Attorneys for Plaintiff SHARON LOUDEN

CARROLL, BURDICK &
MCDONOUGH LLP.
ATTORNEYS AT LAW
LOS ANGELES

CBM-LA\LA069733.1

-2-

CERTIFICATION AS TO INTERESTED PARTIES